MORGAN JONES v. A. M. MCLAIN ET AL.

Delivered May 29, 1897.

**1. Deed—Condition Subsequent—Breach—What Is.**

A condition in a deed to land that no spirituous liquors shall be sold on the premises until the town is "legally" incorporated, is not broken by such sale after the town has been incorporated, notwithstanding a subsequent dissolution of the corporation by quo warranto.

**2. Same—Same—Revival After Performance.** ·

The dissolution of a municipal corporation by quo warranto does not revive a condition in a deed to land within the town, prohibiting the sale of liquor on the premises until the town is "legally" incorporated.

**3. Same—Same—Waiver of Forfeiture.**

The right of forfeiture for breach of a condition in a deed is lost by failure to take any steps to claim the forfeiture for three years after the breach.

APPEAL from Baylor. Tried below before Hon. W. R. MCGILL.

*Bomar & Bomar,* for appellant.—The corporation of the town of Seymour was valid until set aside by direct proceedings, and said corporation and local option election satisfied the provisions of said deed to all equitable intents and purposes. Brennan v. City of Weatherford, 53 Texas, 330; Grant v. Chambers, 34 Texas, 574.

*Dickson & Turney* and *Carrigan & Montgomery,* for appellees.—The incorporation of the city of Seymour was void, and was not sufficient, under the terms of the deed, to remove the restriction or condition therein contained. State v. Eidson, 76 Texas, 305; Ewing v. State, 81 Texas, 180; Mathews v. State, 92 Texas, 583; Ewing v. State, 83 Texas, 665; Light Co. v. Kenan, 88 Texas, 199.

STEPHENS, ASSOCIATE JUSTICE.—The facts in this case were agreed to, and the statement thereof in appellant's brief (pp. 3-6) is accepted by the appellees.

The contention grows out of a condition subsequent in a deed from the appellee, A. M. McLain, joined by her husband, J. R. McLain, to lot 8, block 5, in the town of Seymour, Baylor County, Texas, the separate property of Mrs. McLain, made to J. C. Zeigler and W. H. Sampson, February 16, 1884, who afterwards conveyed to appellant, Morgan Jones; which condition is in the terms following: "The further considerations above referred to are that no gambling or the giving away or the selling of spirituous liquors, except for medicinal purposes, be done or permitted done about or upon said premises before nor until said town is legally incorporated and has its municipal officers, and not then unless sanctioned by a majority of its citizens; and in the event of any violation of said last mentioned consideration, then this deed of conveyance shall be null and

void, and said premises hereby conveyed, together with the improvements thereon, shall absolutely revert to the said J. R. and A. M. McLain."

In June, 1890, the town of Seymour, in accordance with an election held for that purpose, was incorporated, but the territory embraced extended considerably beyond the limits of the real town; and the usual municipal officers were duly elected and qualified. Immediately thereafter the sale of liquors in the town so incorporated, in accordance with a local option election held for that purpose, was sanctioned by a majority of its citizens. Then it was, and not until then, that appellant, who had become the owner of the property, permitted the sale of intoxicating liquors on said premises for about one year, until but not after September 30, 1892. On the third day of the preceding May a judgment of the District Court of Baylor County was entered in a suit of quo warranto, brought on the relation of Morgan Jones and others, dissolving said corporation, upon the ground that it embraced agricultural lands not constituting a part of the town.

Ever since the date of his purchase, August 12, 1890, appellant has been in the possession of the property, and has placed $1000 worth of improvements thereon. Appellees never claimed any forfeiture of the title, though they were continuously aware of the use made of the property, until this suit was instituted, October 30, 1895, claiming a forfeiture under the condition quoted, by reason of the facts above outlined, which are more fully stated in appellant's brief. The court below sustained their contention and gave them a judgment for the lot; hence this appeal.

The first question for determination is, whether there was a breach of the condition in the deed; and the second, whether through the failure of appellees for three or four years to claim it, the right of forfeiture arising from the alleged breach was lost? A negative answer to the first, or an affirmative answer to the second, question, will dispense with the disposition of other questions.

Conditions subsequent, when relied on to work a forfeiture, are not favored in law, and are invariably construed most strongly against those claiming the forfeiture. They never receive a liberal but always a strict construction, in order if possible to avoid a forfeiture.

Applying these rules to the case at bar, we are of opinion that there was no breach of the condition. The opposite contention rests entirely upon the meaning to be given the word "legally," and so restricts that meaning as to exclude every other definition of legal except one which would make it synonymous with strictly valid. That is more restrictive than the definitions contained in the books. See the several definitions of legal quoted in Anderson's Law Dictionary.

When legal proceedings of any sort are spoken of, the descriptive word legal is not usually understood to affirm their validity, for it is used indiscriminately, whether the proceedings be valid or void. In the case at bar, the strictly legal validity of the town corporation could not have been in the minds of the parties when the deed was drawn. They evidently contemplated an incorporated town, with its municipal officers, and in the

usual exercise of its governmental functions; and such a corporation did come into existence, and would have continued to exist but for the interference of the State. McCrary v. City of Comanche, 34 S. W. Rep., 677, and cases there cited; Eustis v. City of Henrietta, 37 S. W. Rep., 632, and cases there cited.

It had the power to pass and enforce ordinances and collect taxes, and as between the parties to this litigation it was to all intents and purposes *legally* incorporated, for they could not dispute its right and power to do so. If, then, there be a sense in which the parties might reasonably have used the word legally without meaning that the corporation had to be so formed as that it could not be dissolved in a quo warranto proceeding, the rules of construction stated above would require us to adopt that sense and so construe the deed.

Stress, however, seems to have been laid by the trial court upon the fact that the sale of liquor was permitted after the decree was entered in the quo warranto proceeding dissolving the corporation. But this position is not tenable, because it violates the rule which forbids liberality of construction in favor of a forfeiture. The deed in terms only provided against the sale of liquor on the property conveyed until a majority of the citizens should sanction such sale, after the incorporation of the town, which they did. The condition was then at an end, and no forfeiture for a sale of liquor thereafter was provided for.

But if mistaken in this view, we can find no authority to justify a negative answer to the second question, but the authorities seem to be to the contrary. 2 Wash. on Real Prop., p. 13, et seq.; 1 Warv. on Vend., p. 450, and notes; Tied. on Real Prop., secs. 277, 278.

Out of a number of cases examined, the well considered Kentucky case of Kenner v. American Contract Company, 9 Bush, 202, seems most nearly in point. There the deed, which was to the right of way of a railroad, provided that, in the event of a tax being voted by the people of Christian County for the completion of the railroad, which was finally done, the right of way should "be null and void." No step was taken, however, for about three years after the tax was voted, to claim the forfeiture, and upon this ground, in part, the right when asserted was denied. The rule and the reason thereof are thus stated in the opinion:

"The more modern authorities on the subject of such forfeitures establish the doctrine that it is with the party in whose favor the condition is, or who becomes entitled to the estate by reason of the forfeiture, to say whether the estate shall be forfeited or not; and although the user, from which the grant of a public passway may be implied, must have continued for a period required to toll the right of entry in ejectment, the waiver of a forfeiture may nevertheless be inferred by reason of the failure of the party entitled to the estate to re-enter or assert some claim in a reasonable time, terminating the estate; and particularly in a case where the party to whom the grant is made is permitted to use and make valuable improvements on the premises after the condition is broken. The courts adjudge the waiver of the forfeiture upon the principle that the happen-

ing of the condition does not ipso facto determine the estate, the same remaining in the grantee, but only subjects it to be defeated at the election of the grantor and his heirs, etc.; and for the additional reason that the forfeitures of estates are not favored either in courts of law or equity."

The view thus expressed seems to accord with our own decisions in other classes of cases, holding that persons entitled to forfeitures or cognate rights may elect upon the happening of given events to avail themselves of such rights or to waive them.

We are therefore inclined to the opinion that the judgment should be reversed upon this ground also. At all events, upon the first ground, it is reversed and here rendered for appellant.

*Reversed and rendered.*