### Houston & Texas Central Railroad Company v. Ennis-Calvert Compress Company.

#### Decided April 11, 1900.

**1. Harmless Error—Ruling on Exceptions.**

Error in overruling exceptions to pleading by plaintiff in trespass to try title setting up title by limitation, need not be considered where plaintiff failed to prove such title by limitation but his recovery is sustained by proof of superior title from a common source.

**2. Deed—Condition Subsequent—Forfeiture—Re-Entry.**

A deed providing that in certain future contingencies the title and possession conveyed "shall, in consequence and by force thereof, and without the necessity of a reconveyance, ipso facto, revert to and vest in" the grantor, created an estate upon a condition subsequent, for breach of which there was no forfeiture of title

until re-entry or its equivalent, by the grantor or some one holding under him by title acquired subsequent to the breach.

### 3. Same—Limitation.

If a condition subsequent in a deed effected, ipso facto, a forfeiture of the grantee's title on breach of the condition, limitation would at once begin to run in favor of such grantee.

### 4. Corporations—Succession—Right of Re-Entry.

The Houston & Texas Central Railroad Company is not, by force of its charter or otherwise, the Houston & Texas Central Railway Company nor the successor to the rights of that company, and can not make entry for breach of condition in a deed made by that company.

### 5. Trespass to Try Title—Pleading—Change of Corporate Name.

In trespass to try title, it was not necessary for defendant to plead specially an amendment of charter by which a corporation owning the property changed its name and by its new corporate name,—that of defendant,—succeeded to the rights of the old company.

### 6. Trial by Court—Filing Conclusions—Assignment of Error.

Quaere, whether, in the absence of conclusions of fact and law by the court trying the case without a jury the appellant can challenge the correctness of a conclusion upon which the court may have rested its judgment without assignment of such conclusion as error.

### 7. Nonsuit—Claim for Rents.

A party in trespass to try title failing to introduce evidence as to his claim for rents is not entitled to take a nonsuit as to that part of his claim while the case is being argued.

APPEAL from McLennan, Nineteenth District. Tried below before Hon. MARSHALL SURRATT.

*Denman, Franklin, Cobbs & McGown,* for appellant.

*L. W. Campbell,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, appellee being the plaintiff and appellant the defendant. There was a nonjury trial, resulting in a judgment for the plaintiff, and the defendant has appealed. In addition to the usual averments in a petition in trespass to try title, the plaintiff pleaded title by limitation. The defendant interposed a special exception to so much of the petition as undertook to plead title by limitation, and assigns the overruling of this exception as error.

It is unnecessary to revise this ruling, because we are of the opinion that the testimony does not support the plea of limitation. The plaintiff sought to maintain its action upon two theories, one being title by limitation, and the other, common source of title, the plaintiff's being the superior.

We decide against the plaintiff on the first theory and in its favor on the second. The common source of title was the Houston & Texas Central Railway Company, a corporation chartered the 11th day of March, 1848. June 11, 1877, said corporation conveyed the land in question to the Waco Produce Company, and the title thereto passed

by mesne conveyances to the Waco-Ennis Compress Company, a corporation chartered under the laws of this State. And thereafter the latter corporation in the mode provided by the statute, amended its charter changing its name to the Ennis-Calvert Compress Company, the plaintiff in this cause.

The deed referred to, of June 11, 1877, contained the following provision: "Now the separate and independent conditions of this quitclaim deed are as follows, to wit: In case the said Waco Produce Company shall, within six months from the date hereof, and time is declared to be the essence of the contract, shall construct a cotton press and the necessary sheds upon the said tract of land herein conveyed, then and in that event this instrument is to take effect and not otherwise; provided, nevertheless, that in case said Waco Produce Company, or any person holding or claiming under it, shall at any time thereafter make use of the tract herein conveyed or any part thereof, for any purpose or purposes than that hereinbefore specified, or shall fail or neglect to keep and maintain its compress in good working condition, or shall in any way forfeit its charter or shall become insolvent, that on the happening of any one of said several contingencies or upon the failures aforesaid, or any one of them, that the title and possession of the tract herein conveyed shall in consequence and by force thereof, and without the necessity of a reconveyance, ipso facto revert to and vest in said Houston & Texas Central Railway Company, its successors and assigns, and thereupon this instrument shall become null and void as against said railway company, but shall be in force as an estoppel of all claims to title or possession as against said grantee herein. Reference is here made to a certain quitclaim deed executed by George Butler to said Houston & Texas Central Railway Company, of date June 8, 1877, and to the conditions therein expressed."

The Waco Produce Company, within the time stipulated, built a cotton compress on the land, and said compress was maintained and operated by it and its vendees until 1892, when it was removed from said land, which is in Waco, McLennan County, Texas, to Calvert, in Robertson County, Texas.

As we construe the stipulation in the deed set out above, it creates a condition subsequent; and, notwithstanding the use of the expression "ipso facto," there was no forfeiture of title for breach of the covenants referred to, until re-entry or its equivalent by the grantor, the Houston & Texas Central Railway Company, or some one holding under it by title acquired subsequent to the breach of condition. Railway v. Dunman, 74 Texas, 267. The correctness of the proposition that re-entry or its equivalent was essential to divest the title, appears to be admitted by appellant and controverted by appellee; and if it is not correct, and the title reverted to the Houston & Texas Central Railway Company immediately upon a breach of either of the conditions referred to, then appellees showed title by limitation, because it was shown that soon after the execution of the deed, the Waco Produce Company, and there-

after one of its vendees, became insolvent, and Joseph Nalle, who purchased from said vendee and sold to the plaintiff, had more than ten years exclusive possession of the property.

Appellant asserts title under sales made in two equity proceedings in the Federal court. In the proceedings referred to, several mortgages executed by the Houston & Texas Central Railway Company prior to June 11, 1877, were foreclosed. Appellant also claims title as the legal successor of the Houston & Texas Central Railway Company.

As to the latter point, it is sufficient to say that appellant is a corporation chartered under the laws of this State in 1889, as the Houston & Texas Central Railroad Company; and is not, by force of its charter or otherwise, the Houston & Texas Central Railway Company, nor the successor to the rights of that company.

In reference to the other ground of title, appellant's brief does not cite us to the provision of any of the mortgages foreclosed showing that the property in question was conveyed; and if any of the instruments referred to cover this property, they contain stipulations authorizing the Houston & Texas Central Railway Company to convey the same. Hence we conclude that while appellant showed such re-entry by it since appellee abandoned the use of the property as would have caused the title to revert had appellant been the grantor, or successor to all the rights of the grantor, in the deed of June 11, 1877, it not being the Houston & Texas Central Railway Company, and not having succeeded to that company's right of re-entry, appellee showed the superior title under the common source and was entitled to recover the land.

No error was committed in permitting appellee to show that it had amended its charter, changing its name from the Waco-Ennis Compress Company to the Ennis-Calvert Compress Company. It was not necessary to plead this amendment to authorize the proof. When it was shown that the title conveyed by the Houston & Texas Central Railway Company to the Waco Produce Company had passed by mesne conveyances to the corporation known as the Waco-Ennis Compress Company, it was proper, in order to show title in the plaintiff, to show that it and the Waco-Ennis Compress Company were one and the same corporation.

The trial judge did not file conclusions of law and fact; and it may be that he rested his decision upon the ground that the plaintiff showed a superior title under the common source; and as there is no assignment of error challenging the correctness of this conclusion, perhaps the judgment ought to be affirmed without reference to the correctness of such a conclusion. Walker v. Cole, 89 Texas, 323.

There are some other questions presented in appellant's brief relating to matters which are deemed by us immaterial.

Appellee files a cross-assignment complaining of the action of the court in not permitting it to take a nonsuit as to the issue of rents. Appellee sued for the land and also for rents, and having failed to make the necessary proof to recover on the latter issue, its counsel in making

the closing argument admitted that appellee had neglected to make such proof, and asked permission to take a nonsuit as to this issue, which the court refused to grant, and rendered judgment against the plaintiff on the issue of rents.

There was no error in this ruling. The plaintiff had sued for the rents, as well as the land, and offering no excuse, other than neglect, for failure to make sufficient proof on that issue, it was not entitled to a nonsuit, and the court properly rendered judgment against it on that branch of the case.

No reversible error has been pointed out, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.