OLCOTT v. ENNIS-CALVERT COMPRESS CO. (Circuit Court of Appeals, Fifth Circuit. May 27, 1902.) No. 1,120. In Error to the Circuit Court of the United States for the Northern District of Texas. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The petition for rehearing filed herein substantially asks this court to disregard the first finding of facts, referring to the case of Houston & T. Cent. R. Co. v. Ennis-Calvert Compress Co. (Tex. Civ. App.) 56 S. W. 367, and to pass upon the sufficiency of the other facts as found by the trial judge and as shown by the evidence found in the bill of exceptions. From an examination of the record in the light of the arguments presented, we are of opinion that to grant this petition would be of no avail to the plaintiff in error; for, if it be conceded that all the property of every kind and description of the Houston & Texas Central Railway Company, including the right of re-entry, passed under the decree of sale and foreclosure to the plaintiff in error, and that the right of re-entry to the lands herein sued for, whether the same was a real right or a chose in action, was not appurtenant to the said railroad, still under the conveyance made by Frederick P. Olcott to the Houston & Texas Central Railroad Company, which recites the sale under foreclosure and refers to the deed for a description of the property acquired from the Houston & Texas Central Railway Company, the title to the property herein sued for passed from Olcott to the Houston & Texas Central Railroad Company, because of the following provision in said conveyance, to wit: "It being the intent and purpose of these presents that there shall be hereby granted and conveyed to the party of the second part all the railways, properties, rights, privileges, and franchises purchased by and conveyed to the party of the first part under such decree of foreclosure, excepting only town lots which formerly belonged to the Houston & Texas Central Railway Company, and lands derived by said last-mentioned railway company from the state of Texas, and not forming part of the right of way of, or being appurtenant to, or used in connection with the operation of, the railways hereinbefore described, and except the right, title, and interest at law or in equity belonging to said Houston & Texas Central Railway Company to the lands and town lots standing on the 18th day of January, 1889, or originally standing, of record in the names of A. Groesbeck and others, trustees, in the counties of Bastrop, Brazos, Brown, Collin, Caldwell, Dallas, Ellis, Fayette, Freestone, Falls, Grayson, Gonzales, Johnson, Kaufman, Limestone, Lee, McLennan, Navarro, Robertson, Washington, and Wharton, all in the state of Texas,"—it not being shown in this record, but rather to the contrary, that the lands in controversy were included within the exceptions above recited. The petition for rehearing is denied.

———

SHAPTER v. CITY AND COUNTY OF SAN FRANCISCO. DE CRANO v. SAME. AMES v. SAME. KING v. SAME. SWIFT v. SAME. (Circuit Court of Appeals, Ninth Circuit. May 27, 1902.) Nos. 806–810. In Error to the Circuit Court of the United States for the Northern District of California. Page, McCutcheon, Harding & Knight, for plaintiffs in error. Franklin K. Lane and Geo. W. Lane, for defendants in error.

PER CURIAM. Upon authority of Mather v. City and County of San Francisco (No. 739) 115 Fed. 37, decided by the circuit court of appeals, Ninth circuit, March 3, 1902, ordered, judgments of circuit court reversed, with costs, and cause remanded for further proceedings not inconsistent with the opinion of this court in the case of Mather v. City and County of San Francisco, supra.