McBRIDE v. FARMERS' & MERCHANTS' GIN CO. et al.

(Court of Civil Appeals of Texas. Dallas. Jan. 4, 1913. Rehearing Denied Jan. 25, 1913.)

1. DEEDS (§§ 134, 155*)—LIMITATION CLAUSE —CONSTRUCTION.

A provision of the habendum clause of a deed that the property was to be held so long as used for gin and mill purposes was a conditional limitation and not strictly a condition subsequent.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 448, 449, 488–495; Dec. Dig. §§ 134, 155.*]

2. DEEDS (§ 134*) — CONDITIONAL LIMITATION—ASSIGNEE OF GRANTOR.

The assignee of the grantor in a deed containing a conditional limitation could, upon a breach of this condition, maintain an action of trespass to try title and for the possession of the land covered by such deed.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 448, 449; Dec. Dig. § 134.*]

3. DEEDS (§ 134*) — LIMITATION CLAUSE — ABANDONMENT.

Where a gin and mill, erected upon land held by a gin company under a deed providing that the land should be held so long as used for gin and mill purposes, was destroyed by fire, and there was a nonuser of the land for such purposes for two gin seasons, a period of about 12 months, and no steps were taken to rebuild, though there was no want of ability to do so, such nonuser constituted an abandonment and terminated the estate in the gin company, regardless of what its future intentions may have been.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 448, 449; Dec. Dig. § 134.*]

4. DEEDS (§ 134*)—LIMITATION CLAUSE—IMPROVEMENTS—FORFEITURE.

Where a company by nonuser forfeited its right to land held under a deed providing that it should be held so long as used for gin and mill purposes, it was not entitled to receive any remuneration from the successful plaintiff, in an action of trespass to try title

and for the possession of the land, for improvements which it had placed thereon.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 448, 449; Dec. Dig. § 134.*]

Appeal from District Court, Hunt County; R. L. Porter, Judge.

Action by J. D. McBride against the Farmers' & Merchants' Gin Company and others. From judgment for defendants, plaintiff appeals. Reversed and rendered.

Neyland & Neyland, of Greenville, for appellant. Looney, Clark & Leddy, of Greenville, for appellees.

RAINEY, C. J. This is an action of trespass to try title and for the possession of a certain lot of land consisting of about one acre of land in Hunt county, Tex., brought by the plaintiff, J. D. McBride, against the Farmers' & Merchants' Gin Company, a corporation, and W. H. Gandy. The plaintiff, among other allegations, alleges that on or about the 10th day of November, 1882, he was the owner of the tract of land sued for, and that he caused same to be conveyed to Z. E. Gandy, with the following conditions and limitations, to wit: That the property was to be held by said Z. E. Gandy, his heirs and assigns, "so long as said premises or pools situated on said premises are used for the purpose and use of the gin and mill attached; the pool having been made for said purpose of holding water to run said gin and mill"; that the defendant the Farmers' & Merchants' Gin Company purchased the said lot of land from the legal heirs of said Z. E. Gandy; that the deed received by it contained the same words of limitation; that the defendants had ceased to use the premises or the pool situated on said premises as provided for in said instrument. Defendant answered by general denial, plea of not guilty, and improvements in good faith. A trial resulted in a verdict and judgment for the appellee, and McBride appeals.

[1, 2] The first question for decision is presented by appellee and is that appellant, under the facts, has no right to maintain this or any other action for the alleged breach of the deed conveying the "pool lot" to Z. E. Gandy.

The following statement, taken principally from the brief of appellee, shows the status of the parties, viz.: "For five or six years prior to November 10, 1882, William McBride, Sr., and W. J. McBride, Jr., owned and operated a cotton gin and grist mill at the town of Lone Oak. The mill and gin houses and machinery were located on what is called the 'gin lot' and was a part of 40 acres of land owned by William McBride, Sr. The machinery was supplied with water from small surface pools on the lot of land in controversy, called the 'pool lot,' located just south of and adjoining the 'gin lot,' and this 'pool lot' was a part of 40 acres of land

belonging to W. J. McBride, Jr. On or prior to November 10, 1882, William McBride, father, and W. J. McBride, son, partners in the mill and gin business, sold out their said plant to Z. E. Gandy; the elder McBride and his wife conveyed to Gandy the 'gin lot' on which the houses and machinery were located, and W. J. McBride, Jr., and his wife conveyed to Gandy the 'pool lot' under and by virtue of the conveyance that has provoked this controversy. The conveyance of the 'pool lot' by W. J. McBride and wife to Gandy was on November 10, 1882, and is in the form of a general warranty deed, except in the habendum clause the following language occurs: 'To have and to hold the above-described premises with all and singular the rights and appurtenances thereto belonging unto the said Z. E. Gandy, his heirs and assigns, so long as said premises or pools situated on said premises are used for the purpose and use of the gin and mill attached; the said pool having been made for said purpose of holding water to run said gin and mills'—and concluding with the usual general warranty clause. After W. J. McBride and wife conveyed the pool lot to Gandy, under the deed just mentioned, they on January 12, 1883, conveyed by general warranty deed to J. D. McBride, plaintiff, the 40 acres of land, including the pool lot in controversy, of which it was a part. Under the latter deed the plaintiff claims that he has the right to bring this suit for the alleged breach of the condition contained in the habendum clause of the deed to Gandy, above quoted. The defendants claim title to both the gin lot and the pool lot under Z. E. Gandy, and own whatever rights and title that Gandy took and owned under and by virtue of the deeds to him from the McBrides, above mentioned. Z. E. Gandy and those claiming under him maintained and operated a cotton gin and grist mill on the gin lot from the time of the sale by the McBrides to him in November, 1882, down to the fall of 1910, when, just at the beginning of the ginning for this season, the gin plant was destroyed by fire. During the time the gin and mill were operated from November, 1882, to the fall of 1910, water to supply the plant was taken from the pool lot; and since the defendant's ownership of this plant, which began in 1901, it enlarged the pool on the pool lot at a cost of $800, built a water tower thereon at a cost of $100, put a large boiler used to generate steam for the machinery on the gin lot, set it in a brick foundation, and built a house covering the same at a cost of $1,200, and also located upon said lot an upright engine used for pumping water at a cost of $250, making total improvements of $2,350, all of which is still upon the lot in controversy, was not injured by the fire, and is ready to be attached to machinery and put in operation."

Whether or not plaintiff had the right to maintain this action is determined by the answer to the following proposition of appellee, which is: That the clause, "so long as said premises or pool situated on said premises are used for the purpose and use of the gin and mill attached," etc., is a condition subsequent and inures only to the grantor or his heirs, and a breach thereof cannot be taken advantage of by a subsequent grantee of the premises. This is the principle governing under the common law, relating to conditions subsequent; but we think the clause is not strictly a condition subsequent but one of conditional limitation, and a breach thereof inured to the benefit of J. D. McBride, appellant, the owner of the title to the premises. The clause limits the estate in appellee until the happening of a certain event; that is, until the lot has ceased to be used for the purpose of operating the gin and mill. When such use ceased, the estate terminated, and appellant, the owner of the fee, became entitled to possession and had the right to bring his action therefor. Mr. Washburn, in his work on Real Property, § 971, vol. 2 (8th Ed.), says: "A stranger may take advantage of limitation, but not of a condition. The only general rule, perhaps, in determining whether words are words of condition or of limitation, is that where they circumscribe the continuance of the estate and mark the period which is to determine it, they are words of limitation; when they render the estate liable to be defeated, in case the event expressed should arise before the determination of the estate, they are words of condition." He then gives illustration from which we think said clause is one of limitation and not a condition subsequent.

[3] But the question arises, Has there been such nonuser as terminated the estate in the gin company? We think so. There had been a nonuser for gin and mill purposes for two gin seasons, a period of about 12 months, and no steps had been taken by the gin company to rebuild and operate the gin and mill which had been destroyed by fire, although the gin company was sufficiently able to do so. During this time the directors of the company had discussed the matter of rebuilding, etc., and there was some testimony to the effect that they intended to do so or sell out to some one who would, but they had found no purchaser, nor was there any definite time agreed upon or fixed when they were to rebuild. Under the law, we are of the opinion that after the fire the gin company had a reasonable time within which to rebuild and begin operations; but, under the evidence, they did not avail themselves of such a right but rested on their intention to at some indefinite time in the future rebuild. This did not give them the right to hold the lot, and it must be considered their right to use the lot had been abandoned before suit was commenced.

The court, in charging on the issue of abandonment, instructed the jury to the effect that there would be no abandonment

unless the party intended to abandon or give up the property. We think, under the facts of this case, the court erred in so instructing the jury, as intention did not govern as nonuser was the issue, and no sufficient reason was given for not rebuilding and using the pool lot. Shryock v. Latimer, 57 Tex. 674; Railway Co. v. Clark, 146 S. W. 989.

[4] The plea of the gin company of improvements in good faith cannot be sustained. The company was holding the property under the conditions named, and, having failed to use the land as conditioned, it thereby forfeited the right thereto, and it was in no attitude to be remunerated for such improvements.

The judgment is reversed and here rendered for appellant.