**FIRST CHRISTIAN CHURCH OF VERA v.
SPINKS et al. (No. 10497.)\***

(Court of Civil Appeals of Texas. Fort Worth.
Feb. 23, 1924. Rehearing Denied
April 12, 1924.)

1. **Deeds ⊜═155—Stipulation held to constitute condition subsequent and not limitation of title.**

In deed conveying title in fee to church elders in trust for church, clause providing that title revert to donor if grantees should fail to build church on granted premises within 24 months, constituted condition subsequent, and not limitation of church's title.

2. **Deeds ⊜═165—Failure to perform condition subsequent does not ipso facto work forfeiture.**

Where conveyance of fee to church is upon condition subsequent that it build church within specified time, failure of donee to build, as required, does not ipso facto work forfeiture; grantor having option to waive condition.

3. **Deeds ⊜═166—Duty to assert right of forfeiture under condition subsequent within reasonable time stated.**

Grantor's failure to assert right of forfeiture under condition subsequent within rea-

sonable time after breach of condition waives the right, especially if such failure is accompanied by acts or conduct indicating intention to abandon the right.

4. **Deeds ⊜═166—Facts held to conclusively show grantor's waiver of condition subsequent.**

Where land was conveyed to church organization on condition subsequent that it build church within specified time, facts *held* to conclusively show that grantor waived right to claim forfeiture for breach of such condition.

5. **Contracts ⊜═318—Forfeitures are not favored, and injury must be shown.**

Forfeitures are not favored in equity, and to invoke one injury must be shown to the party seeking it.

Appeal from District Court, Knox County;
J. H. Milam, Judge.

Suit by the First Christian Church of Vera against R. C. Spinks and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Dickson & Newton, of Seymour, for appellant.

D. J. Brookreson, of Benjamin, for appellees.

DUNKLIN, J. This was a suit in trespass to try title, instituted by the First Christian Church of Vera, Tex., against the Vera Baptist Church, to recover two acres of land situated in the town of Vera, and from a judgment rendered in favor of the defendant, the plaintiff has appealed.

W. T. Ward was the common source of title. The plaintiff claimed title under a deed, date May 10, 1912, reciting a cash consideration paid of $10, executed by Ward, conveying the property in controversy to J. C. Gray and Van D. Alford, as elders of the plaintiff church, and their successors in office. The deed was duly filed for record in the deed records of Knox county on the same day it was executed, in the usual form of a conveyance with warranty of title, with the exception only of the following provisions:

"It is agreed by and between the parties hereto that this conveyance is for the use and benefit of the said First Christian Church of Vera, Tex.

"It is further agreed and understood by and between the parties hereto that in event the said First Christian Church shall fail to erect upon said premises a church building within twenty-four months from date of this deed that then in that event the title to said premises shall revert to the said W. T. Ward, and this conveyance shall become null and void. And in event the said Christian Church shall erect said building within said time, then in that event the title of the said First Christian Church in and to said tract of land shall become absolute."

The defendant claimed title under a deed dated October 24, 1921, purporting to con-

vey the property in controversy to R. C. Spinks, J. J Collier, and A. E. Boyd, deacons of the defendant church and their successors in office, for the use and benefit of the defendant, and reciting a cash consideration paid of the sum of $300. That deed is in the usual form of a conveyance with warranty of title, and purports to convey an absolute fee-simple title.

It thus appears that plaintiff's deed had been executed and filed for record 9 years 5 months and 14 days before the execution of the deed in favor of the defendant.

Plaintiff never erected a church building on the property, and by reason of its failure to do so the trial court held, in effect, that under and by virtue of the stipulations in its deed plaintiff's title ceased and terminated at the expiration of the 24-month period fixed in the deed, and for that reason decreed title in the defendant under its deed from Ward and wife.

The defendant seeks to sustain the judgment of the trial court upon the theory that the stipulation quoted from the deed to plaintiff constituted a limitation of title, and not a condition subsequent. Obviously, that was the view taken by the trial judge.

The appellant's contention is that the clause in its deed mentioned above did not constitute a limitation of title, but was a condition subsequent; that the breach of that condition did not, ipso facto, revest title in the grantor, and that the grantor's deed to the defendant conveyed no title because prior to its execution he had lost his right to claim a reversion of title as against plaintiff by his failure for an unreasonable length of time to assert such right of reversion.

[1] We are of the opinion that the stipulation quoted from plaintiff's deed should be construed as constituting a condition subsequent, and not as a limitation of plaintiff's title. The following authorities we believe amply support that conclusion: Stevens et al. v. G., H. & S. A. Ry. Co. (Tex. Com. App.) 212 S. W. 639; Tickner v. Luse (Tex. Civ. App.) 220 S. W. 578; Maddox v. Adair (Tex. Civ. App.) 66 S. W. 811; H. & T. C. Ry. v. Ennis-Calvert Compress Co., 23 Tex. Civ. App. 441, 56 S. W. 367; Jones v. McLain, 16 Tex. Civ. App. 305, 41 S. W. 714. In the case first cited the deed in controversy stipulated that the property should be used exclusively for railroad purposes, such as depot grounds and freight and passenger depots, and that in the event the same should cease to be used for those purposes it should revert to the grantor. That language was construed as creating a condition subsequent, and not a limitation of title. Of like character were the deeds construed in many of the decisions reviewed in that case, in all of which the stipulations were construed as creating conditions subsequent, and not limitations of title. The stipulation in the plaintiff's deed in the present suit is more

obviously a condition subsequent than the stipulations in the deeds construed in those decisions.

The deed from Ward to plaintiff expressly conveyed title in fee, subject only to be defeated by failure to build a church on the property within twenty-four months next ensuing after its date. Hence failure to erect the building would be a condition of forfeiture of title already vested by the deed. If the conveying clause had not purported to convey a fee-simple title, but only title while or so long as an existing state of things shall endure, or until a certain event takes place, such language itself would have limited the estate conveyed, and the happening of the event stipulated, ipso facto, would have terminated the estate, for lack of words in the instrument sufficient to continue it after that time. 1 Tiffany, Real Property pp. 331, 332.

[2] Defendant has cited numerous decisions to support the contention that the stipulation in plaintiff's deed created a limitation of title, such as McBride v. F. & M. Gin Co. (Tex. Civ. App.) 152 S. W. 1135; Daggett v. City of Fort Worth (Tex. Civ. App.) 177 S. W. 222; Stewart v. Blain (Tex. Civ. App.) 159 S. W. 928. But after careful consideration we do not believe those authorities support that contention. The conveyance being upon condition subsequent, the breach of that condition did not, ipso facto, work a forfeiture of the estate. The condition was for the benefit of the grantor, who could enforce it or waive or abandon it, at his election. In 18 C. J. p. 376, the following is said:

"A breach of a condition subsequent in a deed does not ipso facto operate to determine and revest the estate, but it remains in the grantee subject to be defeated only by some sufficient act at the election of the grantor or his heirs."

Numerous decisions are cited to support that announcement, including Lowrey v. Hawaii, 215 U. S. 554, 30 Sup. Ct. 209, 54 L. Ed. 325; Stevens v. G., H. & S. A. Ry. (Tex. Com. App.) 212 S. W. 639, and noted above.

[3] It is also a familiar rule that the grantor in such a deed may lose his right to claim a forfeiture by failing to assert it within a reasonable time, especially if such failure is accompanied by acts or conduct indicating an intention to abandon it. 18 C. J. pp. 378, 379. And in Jones v. McLain, 16 Tex. Civ. App. 305, 41 S. W. 714, it was held that a failure of the grantor in a deed to claim a forfeiture of the estate by reason of breach of such a condition, for three years after such breach, precluded him from thereafter enforcing the condition. Other authorities cited in the opinion in that case are to the same effect, as is also 1 Tiffany, Real Property, pp. 295, 296.

[4] In the present suit the record shows that after the execution of the deed to plain-

tiff the property was inclosed by J. C. Gray, one of the elders of plaintiff church, along with adjoining property purchased by him the following year, and that it was held in that inclosure by the elder under claim of title in plaintiff church until after Ward executed his deed to the defendant church. Ward not only made no objection to such use of the property, but paid no taxes thereon, and did not render it for taxes. During all that period the property was listed on the tax records of the county as "church property," and therefore exempt from taxation, and no taxes were collected by reason of such listing. We believe that those facts conclusively show a waiver by Ward of his former right to declare a forfeiture of plaintiffs' title for breach of the condition subsequent expressed in his deed to the plaintiff relative to the building of a church on the property within the time specified.

[5] Moreover, aside from the question of waiver discussed above, the record strongly tends to show that Ward lost his right to claim a forfeiture of plaintiff's title, by reason of the fact that on the 24th day of July, 1912, about two months after he executed the deed to plaintiff, he sold to J. E. Chase his entire interest in a tract of land out of which the two acres in controversy had been carved. That deed described and conveyed the whole tract, "save and except a two-acre tract heretofore conveyed out of said tract by W. T. Ward to the First Christian Church, which said two-acre tract is described in the certain deed of record in volume 27, page 274, Deed Records of Knox County, Texas." In the absence of testimony to the contrary, it might be reasonably inferred that expectation of enhanced value of the remainder of the tract after carving therefrom the two acres in controversy was the principal consideration prompting the execution of the deed to plaintiff. If that inference should be given effect, then, in the absence of evidence to the contrary, it could be said that by reason thereof Ward could not claim a forfeiture of plaintiff's title by reason of the breach of the building condition after he had sold the remainder of the tract, since there is nothing in the evidence to indicate that he had any further interest in the building of a church on the property in controversy. Forfeitures are not favored in equity, and in order to invoke a forfeiture some injury must be shown by a party seeking it. See Maddox v. Adair, Steven v. G., H. & S. A. Ry., Daggett v. City of Fort Worth, all cited above.

Testimony of several witnesses introduced by the plaintiff would have supported a recovery for the timber which the evidence shows was taken from the property by the defendant after it acquired its deed from Ward and wife. In plaintiff's petition damages were claimed in general terms, but there was no specific allegation of destruction of the timber. However, it does not appear that the defendant interposed any objection to proof of the value of the timber on the ground of a lack of proper pleadings as a basis therefor. Nor did the trial court make any finding as to the value of the timber.

For the reasons above stated, the judgment of the trial court is reversed. Judgment would be here rendered in favor of the plaintiff for the property in controversy, but, since the issue of damages for destruction of the timber has not been determined, the cause will be remanded. And, in view of our conclusions that the record shows without controversy that W. T. Ward waived his right to claim a reversion of title as against plaintiff for failure to erect a church building, it is unnecessary to determine the merits of other assignments presented in appellant's brief, to the effect that plaintiff established title by limitation.

On Motion for Rehearing.

Appellees quote the following definition from 4 Kent's Commentaries, p. 127:

"Words of limitation mark the period which is to determine the estate; but words of condition render the estate liable to be defeated in the intermediate time, if the event expressed in the condition arises before the determination of the estate, or completion of the period described by the limitation. The one specifies the utmost time of continuance, and the other marks some event which, if it takes place in the course of that time, will defeat the estate. The material distinction between a condition and a limitation consists in this: That a condition does not defeat the estate, although it be broken, until entry by the grantor or his heirs. But it is the nature of a limitation to determine the estate when the period of limitation arises without entry or claim."

The argument is then made that the stipulations in Ward's deed to appellant was a conveyance with limitation of title, rather than upon condition subsequent, because it marks the period of 24 months as the time within which the church should be erected, and since that stipulation was followed by another to the effect that, in the event of a failure to comply with that requirement, the "conveyance shall become null and void." The period of 24 months fixed as the period within which the church should be built was not "the utmost time of continuance" of the estate, and after the expiration of which the title necessarily terminated. The 24 months named merely fixed the period within which the condition was to be performed by the grantee in connection with the express stipulation that, if complied with within that period, the instrument should then operate as a conveyance of absolute title, which meant that it would in that event continue forever. The time so fixed was but a part and parcel of the condition, and it did not of itself necessarily render the conveyance one to last only during that period. The au-

thority quoted clearly supports the conclusion we reached on original hearing. To the same effect is McBride v. F. & M. Gin Co. (Tex. Civ. App.) 152 S. W. 1135, also cited by appellee; also 1 Tiffany, Real Property, pp. 262, 263, 268.

Since the rendition of our judgment on original hearing appellant has filed an offer to remit any claim for the value of timber destroyed by appellee on the land in controversy. As indicated in our original opinion, the case was remanded for another trial solely by reason of that claim. With that claim now eliminated, it follows from our former conclusions that judgment must be and the same is here rendered in favor of appellant for the land in controversy, the judgment of the trial court having been already reversed; and appellees' motion for rehearing is overruled.