**LAWYERS TRUST COMPANY, Petitioner,**

v.

**CITY OF HOUSTON, Respondent.**

No. A–8567.

Supreme Court of Texas.

July 25, 1962.

Rehearing Denied Oct. 3, 1962.

Red, Kemp & Fahey, Houston, (James Wyckoff, Houston, with firm), James R. Lewis, Tyler, for petitioner.

R. H. Burks, City Atty., Houston, Homer Bouldin, Senior Asst. City Atty., for respondent.

SMITH, Justice.

This is a trespass to try title suit. On the 12th day of August, 1926, W. T. Carter Lumber & Building Company, executed an instrument wherein it was recited that the company had acquired title to certain lands in the H. B. Prentiss, Blas Berrera and Joseph Kopman Surveys in Harris County, Texas, and had plotted the several tracts so acquired into lots and blocks, to be known as "Garden Villas". The instrument, subject to certain reservations, dedicated unto the public certain described portions of such tracts for park and other purposes, all of which was delineated upon a map attached to and made a part of the dedicatory instrument. Among the rights reserved unto W. T. Carter Lumber & Building Company, its successors and assigns, was that expressed in reservation four (4), which reads:

"If, on or after the expiration of twenty-five (25) years from date hereof, any tract or tracts dedicated for parks, civic centers, schools or community places as shown on said plat, cease to be used for the purpose or purposes indicated thereon, the fee title to any such tract or tracts shall vest and be in W. T. Carter Lumber & Building Company."

Lawyers Trust Company, hereinafter designated as Lawyers Trust, successor in title to W. T. Carter Lumber & Building Company, filed this trespass to try title suit against the City of Houston, hereinafter referred to as the "City" and R. N. Ferguson. Thereafter, Ferguson died and Mrs. Minnie Lucille Anderson was substituted as party defendant. Lawyers Trust based its suit upon the contention that the City, the representative of the public, had on and after August 12, 1951, the expiration date of the twenty-five (25) year term provided in the reservation, ceased to use the land described in its petition for park purposes, and, therefore, Lawyers Trust was the owner of the land and vested with all rights reserved by W. T. Carter Lumber & Building Company. The City answered the suit by filing a general denial. Mrs. Anderson filed a general denial and claimed title to the land involved under the Ten Year Statute of Limitations of the State of Texas. An instructed verdict was granted against Mrs. Anderson in the trial court and the case as between Lawyers Trust and the City was submitted to a jury upon two special issues.[1] The jury in response thereto found: (1) that on and after August 12, 1951, the land involved had ceased to be used for park purposes, and (2) that the land in question was abandoned as a public park on or after August 12, 1951.

---

[1] "No. 1. Do you find from a preponderance of the evidence that the land involved in this law suit had ceased to be used for park purposes on or after August 12, 1951?

"No. 2. Do you find from a preponderance of the evidence that the land or property in question was abandoned as a public park on or after August 12, 1951?"

The trial court entered judgment against the City and Mrs. Anderson and awarded to Lawyers Trust the title to and possession of the tract of land sued for and described as follows:

"A tract of land lying in and being within the confines of Garden Villas, a subdivision described and depicted in the declaration of dedication recorded in Vol. 655, page 258 of the Deed Records of Harris County, Texas, and in map thereof recorded in Vol. 8, page 3, 4, and 5, Harris County Map Records, and more particularly described as follows, to-wit: An irregularly shaped parcel of land bounded on the South by Santa Fe Drive, on the East by Park Drive, on the northeast by lot S35, on the Northwest by lot S34, and on the West by Sims Drive, all according to the above mentioned map, and on said map marked 'Park', to which map reference is here made in aid of description. Also described as 'Second Tract' in deed from the Carter Investment Company to Lawyers Trust Company recorded in Volume 3409, page 311, of the Record of Deeds for Harris County, Texas, to which deed and the record thereof reference is also made in aid of description."

The City alone appealed to the Court of Civil Appeals and that court reversed the judgment of the trial court and rendered judgment for the City. 348 S.W.2d 26.

The pertinent facts are these: On April 12, 1926, the date of dedication, the land was situated outside the city limits of Houston, Texas, and was owned by the dedicator, W. T. Carter Lumber & Building Company. *The land* involved here was designated on the map or plat as Park No. 1 and was used by the public for park purposes from the date of dedication through the year 1944. The city limits of Houston were extended in 1949 so as to include Park No. 1.

The record shows that sometime in the middle 1930's Mr. Ferguson was placed on the park property as an employee of the W. T. Carter Lumber & Building Company. The reason for this was that the residents of Garden Villas were complaining that the park was being used for improper purposes. As an accommodation to the public, Mr. Ferguson was placed on the property partly to police the same. In this connection, we point out that at no time after the execution of the deed of dedication was W. T. Carter Lumber & Building Company under a duty to furnish police protection to the public.

In 1947 the W. T. Carter Lumber & Building Company conveyed to the Carter Investment Company all of its rights to the property. Thereafter, in 1957, the Carter Investment Company conveyed to the Lawyers Trust Company its interest in the property. Although Ferguson continued to live on the property from 1947 until the time of his death in 1959, he was never at any time an employee of either the Carter Investment Company or the Lawyers Trust Company.

Lawyers Trust Company contends that a conditional limitation was created by the deed of dedication and that consequently upon cessation of use of the property for park purposes on and after August 12, 1951, the estate created by the deed of dedication automatically terminated. Lawyers Trust makes the further contention that even though it may be held that the language of the deed of dedication was sufficient to create a condition subsequent, it had a right of re-entry from and after August 12, 1951, nevertheless, by virtue of the broken condition, and that it exercised such right of re-entry by the filing of this suit in trespass to try title in 1959.

The City contends that the language of the deed of dedication conclusively shows that a condition subsequent was created, but that a forfeiture resulting from the breach of the condition subsequent was waived, and that Lawyers Trust had forfeited its right to claim a forfeiture prior to the filing of this suit on February 18,

1959. The City makes the further contention that it was excused from using Park No. 1 for park purposes by the acts and conduct of Ferguson, the agent of the W. T. Carter Lumber & Building Company.

In view of the vigorous contention presented by Lawyers Trust that a conditional limitation was created by the language of the deed of dedication and that consequently cessation of use of the property for park purposes automatically terminated the estate, we deem it necessary to briefly state our reasons for holding to the contrary. The City contends that the deed of dedication imposed upon the estate a condition subsequent. We agree.

■■ It is a cardinal rule in determining from the language of deeds whether a conditional limitation or a condition subsequent was intended by the parties that the instrument as a whole must be considered. Stevens v. Galveston H. & S. A. Ry. Co., 212 S.W. 639 (Tex.Comm.App.1919). The pertinent provision of the deed before us begins with the word "if", a word of art which traditionally has been held to create a condition subsequent. American Law of Property, Section 4.7. By this we do not mean that by use of the word "if" a condition subsequent is created as a matter of law. We mention it merely as one portion of the deed which must be considered and given effect. It is a rather strong indication that the parties intended a condition subsequent. However, we do not treat its import as conclusive. When we turn to other language in the deed of dedication, we find the provision that the property "shall vest and be in" the grantor in the event the property is not used for its designated purpose. The quoted language seems to provide that the estate will terminate automatically and that it will revest immediately upon the occurrence of the stated contingency. It seems to foreclose the necessity of a re-entry on the part of the grantor in order to terminate the estate. This unmistakably indicates a special limitation. But, here again, such indication is not conclusive. Similar language in other conveyances of this character has not been held to be prohibitive of the creation of a condition subsequent. Daggett v. City of Fort Worth, Tex.Civ.App., 177 S.W. 222, no wr. hist.; Houston & T. C. R. Co. v. Ennis-Calvert Compress Co., 23 Tex. 441, 56 S.W. 367, wr. ref.; Stevens et al. v. Galveston H. & S. A. Ry. Co., supra; Gulf C. & S. F. Ry. Co. v. Dunman, 74 Tex. 265, 11 S.W. 1094.

■ It is well settled that when there is doubt from the entire language of the instrument whether its fair construction imports a limitation or a condition subsequent the doubt must be resolved in favor of the latter as being in a sense less onerous upon the grantee in that, under such a construction, the estate does not terminate automatically with the occurrence of the stated contingency, but only after re-entry or its equivalent is made by the grantor. Stevens v. Galveston H. & S. A. Ry. Co., supra; Houston & T. C. R. Co. v. Ennis-Calvert Compress Co., supra.

■ The language in the deed before us presents an appropriate situation for the application of this principle. Part of the expressed provision would lead to the belief that a condition subsequent was created whereas another part indicates that a conditional limitation was intended by the parties. Therefore, in accordance with the above-mentioned constructional preference, we are led to the conclusion that a condition subsequent was created by the terms of the deed.

The Court of Civil Appeals has held that "the evidence is without dispute that the property had ceased to be used for park purposes since about 1944." The City does not contend that the property was used for park purposes at any time after 1944.

Although we do not agree with Lawyers Trust in its contention that the language of the deed of dedication created a conditional limitation and that the fee simple title automatically vested in W. T. Carter Lumber & Building Company, we do agree that

as of August 12, 1951, the Carter Investment Company, the then owner of the title, had the right of re-entry by virtue of the broken condition, and that right was acquired by the Lawyers Trust Company by virtue of the deed to it as grantee executed in October, 1957 by the Carter Investment Company. This right of re-entry was properly exercised by Lawyers Trust by the filing of this suit in 1959. See Gulf C. & S. F. Ry. Co. v. Dunman, supra. Therefore, Lawyers Trust is entitled to recover the title to Park No. 1, the property involved in this suit, unless we conclude to sustain the City in either of its contentions of waiver and estoppel or that because of the acts and conduct of Ferguson it was excused from using the park after the condition had been broken. We do not agree with either contention.

■ With regard to the latter of these two contentions, it should be remembered that at no time after the execution of its deed of dedication until August 12, 1951, did the Carter Lumber & Building Company have any right or duty to put Mr. Ferguson, or anyone else, on the park property. They had by their deed of dedication divested themselves of any possessory interest. Consequently, Mr. Ferguson was at best a tenant at sufferance and as such could have been removed at any time by proper proceedings instituted by the county or city authorities. There is no showing that such proceedings were ever instituted. The public authorities thus having failed to have exercised their remedy when it arose cannot now be heard to complain of Mr. Ferguson's conduct and its effect.

On the question of waiver, the City argues the delay of seven and one-half years before suit was filed effected a waiver of the right of re-entry. In effect, the City is saying that a grantor may lose his right to claim a forfeiture for breach of a condition subsequent merely because of lapse of time between the breach of a condition subsequent and the time of re-entry. Mere indulgence, acquiescence, or inaction is not ordinarily considered sufficient to constitute a waiver of a forfeiture for breach of a condition subsequent, 4 Thompson on Real Property, Section 2118, p. 665, and it has been held that a waiver or estoppel arises only when the grantor does some act inconsistent with his right of forfeiture, and where it would be unjust for him thereafter to insist upon a forfeiture. See Brown v. McKinney, Tex.Civ.App., 208 S.W. 565 (1919), wr. ref.; City of Barnesville v. Stafford, 161 Ga. 588, 131 S.E. 487, 43 A.L.R. 1045. In Tiffany on Real Property, Third Edition, Vol. 1, Section 203, p. 338, it is said: "* * * But a mere silent acquiescence in the doing of an act involving a breach of the condition is not sufficient to show a waiver of its condition, so as to preclude the assertion of a right of forfeiture by reason of such act."

■ A waiver of a breach of a condition subsequent may be presumed after a reasonable lapse of time has occurred without any assertion of right by the grantor under the condition. But, as said in 4 Thompson on Real Property, Section 2123, p. 668, it is incumbent upon the grantee to allege and prove such lapse of time. Waiver is a question of fact, and whether in any particular case there is a waiver is a matter of intention on the part of the grantor, to be ascertained from his acts and all the attendant circumstances of the case. Waiver of the right to claim a forfeiture has not been established as a matter of law. Granting, without deciding, that the evidence in the present case presented an issue of fact on the question of whether the grantor waived his right to claim a forfeiture, the issue was the City's issue and it waived the issue by failing to request and obtain a submission of it to the jury. Rule 279, Texas Rules of Civil Procedure.

■ It is true that delay in exercising the right of re-entry coupled with proof that the grantee was misled by such delay and as a result changed his position by making improvements on the property or investing money in it, then it can be said that

the grantor has waived his right of re-entry and is estopped from asserting his claim of the right of forfeiture. See Benavides v. Hunt, 79 Tex. 383, 15 S.W. 396; Wisdom v. Michen, Tex.Civ.App., 154 S.W.2d 330, wr. ref. w. o. m. There is no evidence of any act on the part of the grantor or its grantees, Carter Investment Company and Lawyers Trust, which could be calculated to mislead the City, nor is there any evidence that the City has changed its position on the strength of the failure to file suit prior to February, 1959.

The holdings we have made on the questions herein discussed render it unnecessary for us to pass upon the question of whether or not Park No. 1 had been "abandoned as a public park on or after August 12, 1951."

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.