

# THE ATTORNEY GENERAL
## OF TEXAS

. AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 3, 1974

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. H- 316

Re: Whether property used by
Gulf Waste Disposal Authority
for a water pollution control
facility is subject to ad valorem
taxation

Your letter advises that the Tax Assessor-Collector for Harris
County has been requested to exempt from ad valorem taxation a tract
of land on which there is located a control facility designed to manage
the disposal of aquatic wastes from plants of five corporations constructed
according to an agreement between the Gulf Coast Waste Disposal Author-
ity and the five corporations. Our opinion has been solicited as to
whether such action would be proper.

You have provided us documents which reflect the agreement, includ-
ing a "Special Warranty Deed" from Champion International Corporation
to the Gulf Waste Disposal Authority, and a "Facilities Agreement" between
Champion and the Authority. The Deed was expressly "delivered and accepted
pursuant to, and subject to, the terms and provisions of" the Facilities Agree-
ment. The Authority is a state agency and body politic created by the Legis-
lature pursuant to Article 16, § 59 of the Texas Constitution. Champion is
one of the five mentioned industrial corporations. The other four industrial
corporations are also signatory parties to the Facilities Agreement, but not
to the Deed.

The essentials of the Deed read:

" . . . Champion . . . <u>for and in consideration . . . of
the agreement by the . . . Authority . . . to treat indus-
trial waste</u> . . . and for other good and valuable considera-

tion . . . has granted . . . and does hereby grant,
bargain, sell and convey unto Grantee [the Authority]
. . . 35.633 acres of land. . . described as follows:
[Description follows here]   Grantor [Champion]. . .
excepts and reserves all of the oil, gas and other
minerals . . .; however . . . Grantor releases all
Grantor's . . . rights to use . . . the surface. . . in
connection with the exploration . . . or development
of . . . oil, gas or other minerals.

"This conveyance is delivered and accepted sub-
ject to . . . all matters recited in all deeds. . . or
other instruments listed . . . in Exhibit A . . . ."

"This Special Warranty Deed is delivered and
accepted pursuant to, and subject to the terms and pro-
vions of, that certain Facilities Agreement . . . between
[the Authority and the five Corporations].

"TO HAVE AND TO HOLD . . . the . . . Prop-
erty, subject to the foregoing restrictions, exceptions
and reservations, unto Grantee . . . so long as the . . .
Property is used as a facility for the treatment of 'Indus-
trial Waste' . . ., and upon cessation of such use, the
. . . Property together with all improvements now or
hereafter located thereon, shall automatically revert to
the Grantor . . . without the necessity of re-entry or any
other action on the part of the Grantor . . .; and Grantor
does hereby bind itself . . . to WARRANT and FOREVER
DEFEND . . . the. . . Property, subject to the foregoing
restrictions, exceptions and reservations, and subject to
the foregoing special limitation, unto Grantee . . . against
every person . . . claiming . . . the same . . . through
or under Grantor, but not otherwise . . . ." (emphasis
added)

The use of the words "pursuant to and subject to the terms and pro-
visions of that Certain Facilities Agreement" incorporated the Facilities

Agreement into the Deed, defining the estate conveyed, and the nature, extent and character of such estate. Cockrell v. Texas Gulf Sulphur Co., 299 S. W. 2d 672 (Tex. 1957); City of Stamford v. King, 144 S. W. 2d 923 (Tex. Civ. App., Eastland, 1940, err. ref'd).

The facilities agreement expressly reserves to the five corporations "the prior right to all present and future capacity of the Facilities, " and binds the Authority to restrict the use of the land to the use of the five companies unless they agree otherwise. It prohibits the Authority from transferring control or operation of the facilities (even to another governmental agency) without the written consent of the five corporations. It binds the Authority to purchase, construct and install waste disposal facilities for each of the five corporations and to operate them at its expense. The agreement provides for termination, as to its own participation, by any of the five companies with or without reason by giving notice, and in such event the companies can take over the operation of the facilities themselves. The Authority is prohibited from entering contracts with any other governmental agency, corporation, firm or person for the treatment of their wastes in the facilities except with the approval of each of the five companies.

From this partial review of the provisions of the Facilities Agreement to which the Deed is made subject, it can be seen that the purported "conveyance" is extraordinarily burdened with restrictions on the use and enjoyment of the property by the "grantee" Authority.

Property may be exempted from taxation only if it is made so, or allowed to be so, by the Constitution. Otherwise Article 8, § 1 requires taxation to be uniform and equal. Exemptions from taxation are subject to strict construction because they are the antitheses of equality and uniformity. Hilltop Village Inc. v. Kerrville Ind. Sch. Dist., 426 S. W. 2d 943 (Tex. 1968); City of Amarillo v. Amarillo Lodge No. 731, A. F. &A. M., 488 S. W. 2d 69 (Tex. 1972). And see Article 7145, V. T. C. S., declaring that all property, except that expressly exempted, is subject to taxation.

The exemptions from taxation are found in Article 7150, V. T. C. S., which, in this §4, exempts "All property, whether real or personal, belonging exclusively to this State, or any subdivision thereof. . . ." The same article, in §4a, exempts "All property real or personal belonging exclusively to Districts and Authorities created directly by Acts of the Legislature pursuant to Article XVI, Section 59, of the Constitution as agencies of the State of Texas. . . "

In our opinion the property of the Authority does not belong "exclusively" to it within the meaning of Article 7150. While the instruments are not without ambiguity, there are several pertinent indications.

One of the facts to be considered is the effect which the parties themselves have assigned to the arrangement. All five of the companies here involved made application to the federal Internal Revenue Service to have the transaction treated as merely a financing arrangement on the theory that the actual beneficial ownership of the "deeded" property remained in their hands. And the Internal Revenue Service agreed with that analysis.

We, of course, are not bound by IRS determination, but, to say the least, the position of the corporations reflected by this IRS ruling, which they sought, is inconsistent with the idea that the deeded property belongs exclusively to the Authority. The Authority was aware of the application for the IRS ruling and apparently has acquiesced in it. Here, the "determinable fee" of the Authority can be terminated at any time at the option of the companies. See Simes and Smith, The Law of Future Interests, (2d Ed.) 285. We are dealing with a retained power of revocation.

As the brief of Champion explains:

> "Subsections (a) and (b) of Section 25. l [of the Facilities Agreement]. . . could, under certain circumstances, operate to cause a reversion of the Property. In the event (i) all five of the present Participants terminated the Facilities Agreement. . . , (ii) all of the present Participants stopped delivering industrial waste to the

Property for treatment by the Authority, and (iii) the
Authority were not using the Property to treat the industrial
waste of any party other than the Participants, then, upon
the occurrence of all such events, the Property would
revert. . . ."

The occurrence or non-occurrence of the three events that Champion
admits will activate the "automatic reverter" provision of the Deed are all
within the discretionary control of the five corporations. The Facilities
Agreement provides that each of them may terminate it (as to themselves)
at any time "with or without reason." There is no requirement that any
of them use the facilities, even while the Facilities Agreement is in effect,
though the Authority is obligated to receive all wastes they choose to send
it. And the Authority cannot treat the industrial wastes of any other corpo-
ration, governmental entity, firm or person without the consent of the five.

A "cessation of use" for waste treatment purposes would happen,
even within the duration of the Facilities Agreement, if the companies simply
stopped sending their wastes to the Authority and refused to allow it to
receive wastes from other sources. Compare Lawyers Trust Co. v. City
of Houston, 359 S. W. 2d 887 (Tex. 1962).

In our opinion, the property interest of the public body here is not
"exclusive." Its rights are contingent upon matters within the control of the
five corporations. The property does not, therefore, belong exclusively to
the Authority within the meaning of Article 7150, V. T. C. S. The cases of
City of Beaumont v. Fertitta, 415 S. W. 2d 902 (Tex. 1967) and Childress
County v. State, 92 S. W. 2d 1011 (Tex. 1936) relied upon by counsel for
Champion and the Authority do not speak to the exclusive ownership ques-
tion.

In our opinion, based on the facts as we understand them, neither
the land, the facilities, nor any other property involved in the transaction
escapes Article 7145, V. T. C. S., and, because no statute or constitutional
provision does so, the Harris County Tax Assessor-Collector has no author-
ity to accord tax exemption to any part of it.

This conclusion disposes of all the questions you asked.

## SUMMARY

Where property purportedly conveyed to a municipal corporation is so burdened with restrictions on the use and enjoyment of the property by the grantee that the property does not belong exclusively to the municipal corporation, the property is not exempt from taxation by §4 or §4a of the Article 7150, V. T. C. S.

Very truly yours,

JOHN L HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee