Anita FIELD, Appellant,

v.

Jesse D. SHAW, Appellee.

No. 8642.

Court of Civil Appeals of Texas, Amarillo.

March 8, 1976.

**4**

Groce, Locke & Hebdon, Norman L. Nevins, San Antonio, for appellant.

Billy A. Davis, Lubbock, for appellee.

REYNOLDS, Justice.

A grantor of real property filed this suit to recover title and possession on the theory that a provision in the deed had been violated which caused the property to revert to grantor. The trial court rendered a take-nothing judgment. Because the deed provision describes a condition subsequent and the trial court concluded, upon factual findings supported by evidence, that the three-year statute of limitation of actions for recovery of land applied, the forfeiture grantor sought by way of suit is barred. Affirmed.

By her 12 June 1949 deed reserving the minerals, Anita Field conveyed to State Line Gin Company the surface of approximately five acres of unimproved ranch land situated in Yoakum County. The deed specifies that a gin will be constructed and in operation by 1 September 1949 or the land shall immediately revert to grantor, and additionally provides that:

> It is further agreed that the land herein conveyed is expressly restricted in use to that of the operation of a Cotton Gin and that no other business shall ever be operated thereon and in the event this restriction is violated, the land herein conveyed shall revert to the grantor herein.

That the gin was constructed and operative within the time limit set by the deed is not questioned. Following mesne conveyances, the property was acquired by Terry Bacon in 1965.

In the fall of 1967, eighteen years after the gin became operative, there was established, pursuant to an oral contract between Bacon and one Kershaw, a grain leg as an adjunct to the gin. The grain leg, described as an auger with fifty feet of conveyor rising to a height of fifteen feet, was used to unload grain brought by farmers to, and purchased by Kershaw on, the gin premises,

and to load the grain for shipment. Thereafter, by their warranty deed dated 31 May 1970, Bacon and his wife conveyed the property to Jesse D. Shaw and wife.

On 26 January 1973, Anita Field filed this suit to recover the title to and possession of the property from Jesse D. Shaw. Her trial pleadings are that the deed provision copied above is a conditional limitation which was violated by conducting the grain business on the property, causing the property to automatically revert to her. Alternatively, she pleaded that the provision constituted a condition subsequent and that she had timely asserted her right of forfeiture upon learning of the violation. After impleading the Bacons on their warranty, Shaw responded to Field's trial pleadings by interposing, among other pleas and defenses, the affirmative defense of the three-year statute of limitation on actions for the recovery of lands.

Hearing the evidence without the intervention of a jury, the trial court rendered a take-nothing judgment. Findings of fact and conclusions of law were made and filed. Two of the factual findings are that (1) Field knowingly participated in the alleged breach by selling her own grain on the premises, and that (2) Shaw had and held peaceable and adverse possession of the property under a regular chain of title for more than three years after Field's cause of action accrued and before commencement of this suit. Among the legal conclusions drawn by the court are these two: (1) the provision at issue is a condition subsequent, and (2) Shaw has title by virtue of the three-year statute of limitation, Vernon's Ann.Civ.St. art. 5507.

In appealing, Field first attacks the court's legal conclusion that the provision is a condition subsequent, urging the language is that of a conditional limitation. We agree with the trial court.

■■ A conditional limitation exists when the estate is limited by the happening of an event which, when it occurs, terminates the estate without the necessity of reentry. A condition subsequent designates an event which, when it happens, gives the grantor the right to terminate the estate by reentry. *Eyssen v. Zeppa,* 100 S.W.2d 417 (Tex.Civ.App.—Texarkana 1936, writ ref'd). This right of forfeiture must be exercised within a reasonable time, *Zambrano v. Olivas,* 490 S.W.2d 218 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.), and the interposition of a limitation statute may bar an action to enforce the right of forfeiture. See *City of Dallas v. Etheridge,* 152 Tex. 9, 253 S.W.2d 640 (1952).

■■ No magic words are required to create either a conditional limitation or a condition subsequent; nevertheless, as Field acknowledges in her brief, the classic language for the former are the terms "so long as," "until" and "during"; but, for the latter, the terms "if," "but if," "on condition that" and "provided however" are the classic language. See, i. e., *Eyssen v. Zeppa,* supra; *Lawyers Trust Company v. City of Houston,* 359 S.W.2d 887 (Tex.1962). Another consideration in determining whether a conditional limitation or a condition subsequent was intended by the language selected is the rule that the deed is construed against the grantor who chose the language. *Couch v. Southern Methodist University,* 10 S.W.2d 973 (Tex.Comm'n App., 1928).

In restricting the use of the property solely to the operation of a cotton gin, Field did not employ the classic language of a conditional limitation automatically terminating the estate upon the use of the land for another business. Instead, her language is: *"and in the event this restriction is violated,* the land herein conveyed shall revert to the grantor herein." Either the substitution or insertion of any of the classic terms for a conditional limitation in the italicized clause destroys the grammatical sense of the composition, and to use any one of those terms to express a normal conditional limitation requires a redrafting of the provision. Neither did she employ one of the usual terms for a condition subsequent, but any of those terms can be either substituted for, or inserted with or in lieu of, all or some of the words in the phrase "and in the event" to retain grammatical

harmony with the other language chosen for the restriction. Illustratively, the clause retains the same meaning if it is written, "but if this restriction is violated," or "and if this restriction is violated," or "and provided however in the event this restriction is violated." Thus, the language Field chose is more compatible with an expression of a condition subsequent than with a conditional limitation.

The determination that a condition subsequent was intended comports with Field's testimony. She testified that her conveyance of the land for use as a gin operation was to fulfill her father's desire to promote business to build a village on the Fields' lands. When asked her purpose or reason for the restriction in the deed, she did not say it was to grant an estate only so long as the land was used for the operation of a cotton gin; rather, she stated that the only purpose of the restriction "was to prevent another gin being located there."

■ Moreover, in case of doubt, the language Field used in her deed is to be construed most strongly against her, *Hudson v. Caffey,* 179 S.W.2d 1017, 1019 (Tex. Civ.App.—Texarkana 1944, writ ref'd w. o. m.), and any doubt is resolved in favor of a condition subsequent because it is less ponderous than a conditional limitation upon the grantee. *Lawyers Trust Company v. City of Houston,* supra. Field's first point of error is overruled.

■ Even though the court found that the buying and selling of grain was an inconsequential use of the property and concluded that the condition subsequent was not breached, both of which Field contests and which we do not reach, the court further found that Field participated in the alleged breach by selling her own grain on the premises. Field utilizes her tenth and eleventh points to assail the latter finding on the grounds of legally and factually insufficient evidence.

Field testified that she learned of the buying and selling of grain on the premises in 1972. It was Bacon's testimony that Anita Field, whose house was within a 250-yard uninterrupted line of sight from the gin and who passed on the road by the gin premises where the grain operation was in plain view, was in the gin office in the fall of 1969 for the purpose of selling, and that she did sell, her own grain. It is axiomatic that the court, in resolving the disputed fact issues, is entitled to assess the credibility of the witnesses and the weight to be given their testimony as well as the reasonable inferences to be drawn therefrom. In recognition thereof, it must be said that there is some evidence of probative force to support the finding and, after considering all of the evidence, we cannot say that the finding is so against the great weight and preponderance of the evidence as to be wrong or unjust. The points are overruled.

■ Field challenges, by her seventh point, the court's application of the three-year statute of limitation of actions for recovery of lands. Assuming that there was a violation of the condition subsequent in 1967 when the grain business was established, Field learned of it in 1969 when she participated in the violation by selling her grain on the premises. At that time in 1969, her right to terminate the estate arose, but, to forfeit the estate, she was required to affirmatively assert a reentry. *Tickner v. Luse,* 220 S.W. 578, 580 (Tex.Civ. App.—El Paso 1920, writ ref'd). However, she did not assert any reentry until she filed this suit on 26 January 1973. The issue, then, is whether her right to obtain forfeiture by way of suit is barred by the three-year statute of limitation. The issue is resolved by the nature of her suit and the wording of the statute. See *City of Dallas v. Etheridge,* supra, at 643.

The dominant purpose of Field's suit is to recover the title to and possession of real estate. The three-year statute of limitation of actions for recovery of lands, V.A.C.S. art. 5507, declares that:

Suits to recover real estate, as against a person in peaceable and adverse possession thereof under title or color of title, shall be instituted within three years next after the cause of action accrued, and not afterward.

Field's suit is one to recover real estate; it is against Shaw who, as correctly determined by the trial court from the evidence, had peaceable and adverse possession under title for more than three years after Field's cause of action accrued (in the fall of 1969) and before the commencement of this suit (on 26 January 1973). Therefore, the pleaded statutory limitation imposed by art. 5507 barred the forfeiture Field sought by way of her suit. The seventh point is overruled.

The sustained factual findings and legal conclusions support the trial court's judgment. As a result, we do not advert to the other points of error addressed to the additional findings and conclusions made in support of the judgment.

The judgment is affirmed.